IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MARC SELDIN ROSEN, | * | |
| Appellant | * | |
| v. | * | CIVIL NO. JKB-15-3088 |
| CHARLES R. GOLDSTEIN *et al.*, | * | |
| Appellees | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

This case presents Marc Seldin Rosen's appeal from the Bankruptcy Court's dismissal of his adversary complaint against various individuals and entities involved in the Chapter 7 proceeding of K Capital Corporation. Those parties are Charles R. Goldstein, Trustee; Tydings & Rosenberg LLP, the law firm retained by the Trustee; John B. Isbister, an attorney at Tydings & Rosenberg; and Protiviti, Inc., a professional advisor retained by the Trustee (collectively, "Appellants"). Rosen is a former director and chairman of K Capital.

In an appeal from Bankruptcy Court, this Court reviews factual findings for clear error and conclusions of law *de novo*. *Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja)*, 743 F.3d 423, 429 (4th Cir. 2014). A finding is clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." *Klein v. PepsiCo, Inc.*, 845 F.2d 76, 79 (4th Cir. 1988). The appeal has been thoroughly briefed, and the Court concludes no oral argument is necessary.

This Court has carefully reviewed the pertinent portions of the record and finds no clear error in any factual findings of the Bankruptcy Court's opinion. (*See* App. 748-63.) Equally so,

the Bankruptcy Court's conclusions of law are well supported by both facts and law. The undersigned agrees that Rosen neither sought nor received derivative standing to file a complaint on behalf of the Debtor's Estate. *See Scott v. Nat'l Century Fin. Enters., Inc. (In re. Baltimore Emergency Servs. II, Corp.)*, 432 F.3d 557 (4th Cir. 2005) (without deciding whether to allow derivative standing in bankruptcy cases, setting strict parameters for its invocation and granting). Consequently, any claims asserted on behalf of K Capital's Estate were improperly filed and properly dismissed. Rosen's personal claims against Appellants also failed to state a claim for relief. Appellants owed no duty to Rosen—as a former director and officer of K Capital—based upon any statute, common law, or contract. Rosen did not file a claim before the claims bar date and has, therefore, lost any opportunity to claim a right to indemnification for any litigation costs he may have incurred when the Trustee filed suit against the former directors and officers. Any claim he might have made was appropriately considered by the Bankruptcy Court to be a general, unsecured claim based upon prepetition conduct, not entitled to priority as an administrative expense claim.

For the reasons stated by the Bankruptcy Court, this Court affirms its order of dismissal of Rosen's complaint against Appellants. A separate order will issue.

DATED this 5th day of August, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge